83dfs.frm

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Terry Eugene Woods,           )
                              )
            Plaintiff,        )
                              )
      v.                      )      1:05CV897
                              )
State of North Carolina, Dep't of  )
Revenue, et al.,              )
            Defendant(s).     )

## ORDER AND RECOMMENDATION
## OF MAGISTRATE JUDGE ELIASON

Plaintiff, a federal prisoner, has submitted an "order of show cause and petition to stay of state proceedings." Plaintiff presents a running narrative of the facts interspersed with legal argument and citation of cases. He was arrested for drug offenses by state or local law enforcement officers in 2002 and later pled guilty in state court to possession with intent to distribute marijuana. Charges concerning his possession of cocaine were apparently dismissed, but the North Carolina Department of Revenue assessed a tax based on both the marijuana and cocaine possession. It is the tax for cocaine possession which plaintiff is objecting to because (1) he did not plead guilty to the cocaine charges, and (2) he has entered into a settlement agreement with the federal government which prevents the state from making the assessment. Plaintiff also contends that the state has violated his constitutional rights but only specifies his Fourth Amendment rights and fails to set out any facts supporting this claim. Indeed, it is not clear whether plaintiff intends to file a civil action or believes that this submission is a continuation of the settlement proceedings filed earlier in this court. Because he did not place this court's civil number for the settlement proceedings on this submission, apparently plaintiff intends to file a separate civil action.

There are therefore many defects in this submission which make it impossible to further process. The most serious problems are:

1. Plaintiff has not submitted a complaint and therefore does not have pending in this court a civil action in which he may then seek an order to show cause or other type of relief. He may not simply request an order to show cause without having a civil action filed.

2. Plaintiff has failed to follow the complaint format in his submission.

   Plaintiff submitted a number of documents and briefs. This is not proper. Fed. R. Civ. P. 8. The complaint is limited to "a short and plain statement of the claim showing that the pleader is entitled to relief . . . and a demand for judgment for the relief the pleader seeks." Id. The Court will not wade through a collection of unmarked and unidentified documents in an attempt to try to ascertain their meaning and relevance. Legal argument and case citations should not be included in the complaint.

3. Filing fee was not received nor was a proper affidavit to proceed in forma pauperis submitted, with sufficient information completed or signed by the plaintiff, to permit review.

4. Plaintiff has not named proper defendants or given sufficient addresses for them to be served. Plaintiff must name the entities who are actually responsible for the alleged violations of his constitutional rights. This must include the individual(s) who acted or failed to act. Only then may plaintiff name entities who are not persons but who are responsible for the actions of the persons who plaintiff has named.

5. Plaintiff has also failed to clearly set out the relief he requests and the basis for any other constitutional violations he may be relying upon.

Consequently, this particular submission should be dismissed, but without prejudice to plaintiff filing either a new complaint, on the proper Section 1983 forms, which corrects the defects cited above, or some other type of action. After plaintiff decides what he intends to do, he may request the appropriate forms from the Clerk. Plaintiff is reminded that there is a $250.00 filing fee for the filing of a civil action.

In forma pauperis status is granted for the sole purpose of entering this order of dismissal without prejudice.

**IT IS THEREFORE ORDERED** that in forma pauperis status is granted for the sole purpose of entering this order.

-2-

**IT IS RECOMMENDED** that this action be filed and dismissed sua sponte without prejudice.

_Russell A. Eliason_
United States Magistrate Judge

October 7, 2005